```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     MIDDLE DIVISION
```



SHIRLEY M. KISOR,  }
  Plaintiff,       }
                   }   CIVIL ACTION NO.
v.                 }   04-AR-2323-M
                   }
OLIN M. COLLINS, JR., et al., }
                   }
  Defendants.      }

## MEMORANDUM OPINION

This case comes before the court on the motion of plaintiff, Shirley M. Kisor ("Kisor"), to remand her case to the Circuit Court of Cherokee County, Alabama, where she filed it and from which it was removed by defendants, Olin M. Collins. Jr. ("Collins") and Millis Transfer, Inc. ("Millis"). The notice of removal filed on July 27, 2004, reflects that the state court complaint was served on the first served defendant on June 28, 2004. This means that the thirty (30) day window for removal provided by 28 U.S.C. § 1446(b) was barely met. The two removing parties invoked the jurisdiction of this court pursuant to 28 U.S.C. §§ 1441 and 1332, claiming, without contradiction, that the citizenship of plaintiff, on the one hand, and that of defendants, on the other, are diverse, and that plaintiff is looking for more than $75,000. Within the entirely separate thirty (30) day window for filing a motion to remand on the basis of a procedural defect in the removal papers, as provided by 28 U.S.C. § 1447(c), Kisor filed her present motion, pointing out that the notice of removal did not contain a copy of the summons served on Millis and did not contain copies of either return on service. On this basis, Kisor insists that defendants have failed to meet one of the mandatory prerequisites for effective removal set forth in 28 U.S.C. § 1446(a),

namely, that all "process" be included. Upon receiving Kisor's motion to remand, Collins and Millis not only oppose it, arguing that their procedural error was merely technical and thus innocuous, but they purport to amend their notice of removal to add a copy of the state court summons that was served on Millis and a copy of the return of service on him. Defendants still have not provided a copy of the return of service on Collins.

Kisor understandably relies on *Burnett v. Birmingham Bd. of Educ.*, 861 F. Supp. 1036 (N.D. Ala. 1994), a case decided by this court. This court confesses to have been effusive with its *obiter dicta*, gratuitously drawing a roadmap that Kisor has here followed precisely. In *Burnett*, this court said:

> Plaintiffs' motion [to remand] does not complain of a failure of the notice of removal to contain a copy of the summons served on the Board [defendant]. The absence of a copy of this "process" was a clear procedural defect under 28 U.S.C. § 1446(a) and one which would have been fatal if it had been raised by plaintiffs within the thirty (30) day period allowed by 28 U.S.C. § 1447(c). This defect has, however, been waived.

*Id.* at 1037

When this court expressed its above-quoted view of what constitutes a fatal defect unless waived, this court was either right or wrong. If it was right, Kisor's action must be remanded. If it was wrong, the court must admit its error and then consider whether the admitted procedural mistake committed here by defendants can be remedied *post hoc* by the amending of their notice of removal after plaintiff filed her motion to remand and after the thirty (30) day period for removal expired.

Collins and Millis rely on *Covington v. Indemnity Insurance Co. of North America*, 251 F. 2d 930 (5th Cir. 1958), and *Woodall v. Insurance*

*Company of North America*, 582 F. Supp. 247 (N.D. Ga. 1984). These cases, only one of which is binding on this court, stand for the simple proposition that a notice of removal can be corrected after a timely removal in order to remedy a mere procedural defect, such as the absence of "process" in the notice of removal. Both courts relied on the obvious fact that a procedural defect does not implicate the federal court's subject-matter jurisdiction and therefore can be waived. The two opinions are not inconsistent with this court's *dicta* in *Burnett*. The crucial distinction between *Covington* and *Woodall*, on the one hand, and the instant case, on the other, is that **Kisor here filed a timely motion to remand after the expiration of defendants' time for filing a notice of removal**. Did Congress mean something when in 28 U.S.C. § 1447(c) it expressly distinguished between subject-matter jurisdiction, which cannot be waived, and a procedural defect, which is waived only if not made the subject of a motion to remand within thirty (30) days after the notice of removal? If Congress did not mean what it said, then 28 U.S.C. § 1447(c) is nothing more than a vehicle by which an unhappy plaintiff, who selected a presumptively competent state forum, can, at his option, warn the removing defendant who has woefully failed to dot his procedural i's and cross his procedural t's, to amend *post hoc* and post haste, so as to make everybody but the plaintiff happy.

This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction. Contrary to the situation in *Burnett*, Kisor has not waived the procedural defect.

3

Instead, she has timely complained in the only way provided her by 28 U.S.C. § 1447(c). This case, and the hypothetical case described in *Burnett*, resemble *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d, 1342 (M.D. Ala. 2000), which recognizes both the potential jurisdictional fatality that inheres in a procedural defect in removal papers, and the ineffectiveness of a proffered corrective measure taken only in response to a timely jurisdictional challenge.

As a court of limited jurisdiction, this court would be more than uncomfortable if it overlooked a jurisdictional defect about which a plaintiff has expressly complained just because the defect was inadvertent. There probably exists a procedural defect so hypertechnical and so innocuous that it can be overlooked, but this is not it. The jurisdictional statute that requires that "process" be contained in the notice of removal was enacted for a purpose. Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court. It would indeed be ironic for Kisor to have taken the free advice dispensed by this court in *Burnett*, and then for this court to repudiate what it there said. When this court grants Kisor's motion to remand, as it will do by separate order, it will not be doing so in order to avoid irony, but because procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules, and must be complied with. This belief is no longer *dicta*.

Because defendants' amendment to their notice of removal comes too

4

late, it cannot be considered and cannot counter Kisor's motion to remand. This means, of course, that the question of whether a return on service is an essential part of the "process" required by 28 U.S.C. § 1446(a), provocative as though that question may be, remains a question to be decided elsewhere.

    A separate order granting Kisor's motion to remand will be entered.
DONE this _____ day of October, 2004.

                                             WILLIAM M. ACKER, JR.
                                             UNITED STATES DISTRICT JUDGE